**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DION BRIGGS, | Civil Action |
| Plaintiff, | 06-3835 (FLW) |
| v. | **O P I N I O N** |
| SEAN McMURTRY et al., |  |
| Defendants. |  |

**APPEARANCES:**

> DION BRIGGS, #861838B
> Plaintiff pro se
> Southern State Correctional Facility
> Delmont, New Jersey 08314

**Freda L. Wolfson, United States District Judge**

Plaintiff DION BRIGGS (hereinafter "Plaintiff") currently confined at the Southern State Correctional Facility, Delmont, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint"). Plaintiff's Complaint named the following parties as Defendants in this action: Sean McMurtry (prosecutor of Plaintiff's criminal case), Stacey M.

Page -1-

Geurds (another prosecutor of Plaintiff's criminal case), Karen Y. Coger (public defender in Plaintiff's criminal case), Michael Schiaretti (officer who executed the police report which facilitated Plaintiff's conviction), and Honorable Darlene Pereksta (the state judge presiding over Plaintiff's criminal case).

Plaintiff's Complaint asserts that Defendant Schiaretti filed a false police report that, eventually, caused the prosecution of Plaintiff by Defendants McMurtry and Geurds. See Compl. § 4. Plaintiff further maintains that, during the proceedings presided by defendant Pereksta (who violated Plaintiff's rights by denying Plaintiff's "civil rights [by] den[ying Plaintiff's] motion to Dismiss Evidence Hearing"), Plaintiff's rights were violated by Defendant Coger, since Defendant Coger performed ineffective assistance to Plaintiff. See an id. Plaintiff now seeks monetary damaged, "full[] investigated[ion] of police actions" and a ruling declaring that all criminal "charges [against Plaintiff are] dismissed." Id. § 5.

### STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are

routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u> Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)). Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**DISCUSSION**

**A.   Defendants Not Liable in This Action**

Four out of five Defendants names in Plaintiff's Complaint are not amenable to a § 1983 suit.  Plaintiff's damage claim against Judge Pereksta fails because the Judge is absolutely immune from suit under 42 U.S.C. § 1983.  "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)).  Because the alleged wrongdoing by Judge Pereksta consists of judicial acts which are absolutely protected from suit for damages under § 1983, all federal claims against Judge Pereksta are dismissed under 28 U.S.C. § 1915A(b)(2).

Plaintiff's claims against prosecutors of Plaintiff's underlying criminal case are similarly barred because prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution."  Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

Finally, Plaintiff's claims against his public defender are similarly without merit.  To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by

the federal Constitution or laws.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.  "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law."  Id. at 638.  The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law.  See Polk

County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.[1] See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant Coger has no merit because of Plaintiff's failure to satisfy the color of law requirement.

**B.   Plaintiff's Claims Against Defendant Schiaretti**

Plaintiff's claims against the remaining Defendant, Officer Schiaretti, are not viable at the current juncture.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

---

[1] The only exception lies if a defense counsel conspires with the prosecution. However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right. See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist). Plaintiff, however, does not assert that his counsel conspired with the prosecutors. Rather, Plaintiff's Complaint asserts that Plaintiff's counsel was "ineffective." See Compl. § 4.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261,

275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff'S conviction in the underlying criminal case deprived him of liberty in violation of due process of law.

However, the exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks declaratory and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).[2]  Where success in a plaintiff's § 1983 damages

---

[2] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed

action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him.[3] See Muhammad v. Close, 540 U.S. 749, 751 (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Plaintiff's challenge to the outcome of the underlying criminal

---

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

[3] Since it appears from Plaintiff's application that Plaintiff adamantly maintains his innocence with respect to the underlying criminal case, see Compl., Notarized Letter to the Court ("I am 100% positive that I did not do what [the officer] wrote in his police report . . . . I am willing to submit to a polygraph test to prove that what [the officer] wrote in his police report is 100% false. I . . . ask for help to resolve my injustice"), this Court encourages Plaintiff to timely exercise his rights by duly exhausting the state remedies and, if so necessary, by timely filing his petition for a writ of habeas corpus.

proceedings is not cognizable under § 1983 and should be dismissed without prejudice.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.

                                      S/Freda L. Wolfson
                                          **FREDA L. WOLFSON**
                                     **United States District Judge**

Dated: August 22, 2006