**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DION BRIGGS, | : |
| Plaintiff, | : Civil Action<br>: 06-3835 (FLW) |
| v. | : **O P I N I O N** |
| SEAN McMURTRY et al., | : |
| Defendants. | : |

**APPEARANCES:**

    DION BRIGGS, #861838B
    Plaintiff pro se
    Southern State Correctional Facility
    Delmont, New Jersey 08314

**Freda L. Wolfson, United States District Judge**

On August 15, 2006, Plaintiff DION BRIGGS (hereinafter "Plaintiff"), currently confined at the Southern State Correctional Facility, Delmont, New Jersey, submitted for filing his complaint (hereinafter "Complaint") naming the following parties as Defendants in this action: Sean McMurtry (prosecutor of Plaintiff's criminal case), Stacey M. Geurds (another prosecutor of Plaintiff's criminal case), Karen Y. Coger (public defender in Plaintiff's criminal case), Michael Schiaretti (officer who executed the police report which facilitated Plaintiff's conviction), and Honorable

Darlene Pereksta (the state judge presiding over Plaintiff's criminal case). See Docket Entry No. 1.

Plaintiff's Complaint asserted that Defendant Schiaretti filed a false police report that, eventually, caused the prosecution of Plaintiff by Defendants McMurtry and Geurds. See Compl. § 4. Plaintiff further maintained that, during the proceedings presided by defendant Pereksta (who violated Plaintiff's rights by denying Plaintiff's "civil rights [by] den[ying Plaintiff's] motion to Dismiss Evidence Hearing"), Plaintiff's rights were violated by Defendant Coger, since Defendant Coger performed ineffective assistance to Plaintiff. See an id. Plaintiff sought monetary damaged, "full[] investigated[ion] of police actions" and a ruling declaring that all criminal "charges [against Plaintiff are] dismissed." Id. § 5. On August 22, 2006, this Court issued an order and accompanying opinion (hereinafter "August Opinion") dismissing Plaintiff's Complaint without prejudice on the basis of judicial immunity, pursuant to Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000), prosecutorial immunity, pursuant to Kalina v. Fletcher, 522 U.S. 118 (1997), Plaintiff's failure to meet the color of law requirement, pursuant to Polk County v. Dodson, 454 U.S. 312, 325 (1981), and bars to remedies requested by Plaintiff ensuing from the holdings of Preiser v. Rodriquez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994). See Docket Entries Nos. 2 and 3.

On September 20, 2006, Plaintiff filed with this Court a Motion for Reconsideration (hereinafter "Motion").  See Docket Entry No. 5.  In his seventy-seven page Motion, exhibits included, Plaintiff maintains that he has all evidence necessary to establish his claim.  See Docket Entry No. 13.

After carefully examining Plaintiff's Motion, this Court denies the Motion for the reasons stated below.

### DISCUSSION

There are four basic grounds upon which a motion for reconsideration may be granted:  (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement

with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In the case at bar, Plaintiff (a) does not assert that manifest errors of law or fact were made by this Court in the Court's August Opinion, see generally Mot., (b) does not indicate that--or explain how--denial of reconsideration could result in manifest injustice, see id., (c) does not suggest that an intervening change in prevailing law relevant to Plaintiff's case has taken place, see id., and (d) does not provide the Court with either facts or arguments now made part of Plaintiff's Complaint. See id. Rather, the Motion details the facts and allegations set forth in the Complaint, offers a number of legal citations together with Plaintiff's averment that the statements made in the Complaint and Motion are true, and supplements the foregoing by various pieces of correspondence and excerpts from transcripts of

Plaintiff's criminal trial. None of these submissions change the fact that Plaintiff's § 1983 claims are barred for the reasons stated in the August Opinion. The Motion does not assert that Plaintiff's criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Similarly, the Motion does not suggest that Plaintiff's public defender was a state actor, or that Plaintiff's prosecutor or presiding judge violated Plaintiff's rights while operating outside their professional capacities. Therefore, Plaintiff has provided this Court with no reason to reconsider its previous decision.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion, presumed filed pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g), for reconsideration of the Court's August Opinion and Order, is hereby denied.

An appropriate Order accompanies this Opinion.

S/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**

Dated: 11-20-06